J-S23011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DWAYNE EDWARD MAURER | |
| Appellant | No. 2776 EDA 2015 |

Appeal from the PCRA Order August 20, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division, at No(s): CP-46-CR-0001986-2010

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD[*], J.

MEMORANDUM BY  PANELLA, J.                    **FILED MAY 20, 2016**

Appellant, Dwayne Edward Maurer, appeals *pro se* from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On December 7, 2010, Appellant entered a negotiated guilty plea to two counts of involuntary deviate sexual intercourse as result of his actions toward his stepdaughter who, at the time of the offenses, was under the age of thirteen. In return, the Commonwealth agreed to withdraw multiple related charges. On March 18, 2011, in accordance with the plea agreement, the trial court sentenced Appellant to a term of ten to twenty years of

_____

[*] Former Justice specially assigned to the Superior Court.

incarceration for the one count and a consecutive ten-year probationary term for the other count. Appellant did not file a direct appeal.

On February 3, 2012, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel. PCRA counsel filed a petition to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing. The court also granted PCRA counsel permission to withdraw. Appellant filed a response, but the PCRA court dismissed Appellant's petition.

Appellant appealed to this Court. In an unpublished memorandum decision a panel affirmed the order denying Appellant post-conviction relief. **See Commonwealth v. Maurer**, 83 A.3d 1068 (Pa. Super. 2013) (Table). Our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Maurer**, 2014 Pa. LEXIS 303 (Pa. 2014) (Table).

On June 29, 2015, Appellant filed the *pro se* PCRA petition at issue. The PCRA court issued notice of intent to dismiss his petition without a hearing. Appellant filed a response. The PCRA court subsequently denied Appellant's PCRA petition. This timely appeal follows.

Appellant raises the following issues:

I.      Did the [PCRA court] err in dismissing the instant [PCRA petition] as untimely when the instant petition was filed within sixty (60) days of learning of the United States Supreme Court's decision in **Alleyne v. United States**,

> [133 S.Ct. 2151 (2013)], thereby rendering his sentence unconstitutional and illegal?
>
> II.    Did the [PCRA court] err in dismissing the instant [PCRA petition] by stating the Court lacks jurisdiction to consider the merits when the [trial court] always retains jurisdiction to correct an illegal sentence and the inherent power to do so?

Response Brief for Appellant at 3.[1]

In order to address Appellant's issues, we must first determine whether the PCRA court correctly determined that Appellant untimely filed his second PCRA petition. The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **Hernandez**, 79 A.3d 651-52 (citations omitted). **See also** 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on April 18, 2011, when the thirty-day time period for filing an appeal to this Court expired.

_____

[1] Although Appellant inartfully raised these same claims in his original brief, we cite them as clarified in Appellant's response brief for ease of discussion.

*See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant needed to file the PCRA petition at issue by April 18, 2012, in order for it to be timely. Appellant filed the instant petition on June 9, 2015; it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Although Appellant challenges the legality of his sentence, this claim still must be presented in a *timely* PCRA petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). Appellant has failed to prove any exception to the PCRA's time bar. Initially, nowhere in our review of the record do we find any indication that the sentence to which Appellant agreed as part of his guilty plea included a mandatory minimum. In fact, as the trial court noted at sentencing, Appellant agreed to imposition of the *maximum* sentence on one count, and a consecutive ten-year probationary term on the other count. *See* N.T., 3/18/11, at 13. In return, the Commonwealth withdrew multiple charges. *See id*., at 14.

Even if Appellant's negotiated sentence included a mandatory minimum, he would still not be entitled to relief. Appellant's claim fails for several reasons. First, as the PCRA Court aptly explained:

> Our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (citing *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011)). Therefore, this claim fails.
>
> Even if *Alleyne* [and its progeny] were somehow to satisfy an exception to the time bar, [Appellant] did not raise [his claim]

until well beyond sixty days after those cases were decided. Date of case, not date of discovery is used for calculating exceptions. ***Brandon***, 51 A.3d 235 (citation omitted).

PCRA Court Opinion, 10/21/15, at 6-7.

Moreover, to the extent Appellant argues he should benefit from retroactive application of the United States Supreme Court's decision in ***Alleyne***, his claim fails. In ***Alleyne***, the high Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. ***See*** 131 S.Ct. at 2160-61. Assuming, for the sake of argument, the Court recognized a new constitutional right in ***Alleyne***, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held the right applies retroactively to cases in which the judgment of sentence had become final. ***See Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Here, Appellant's judgment of sentence became final in 2011. Accordingly, the Court's decision in ***Alleyne*** does not apply. ***See Miller***. ***See also Commonwealth v. Riggle***, 119 A.3d 1058, 1067 (Pa. Super. 2015) ("***Alleyne*** is not entitled to retroactive effect in [the] PCRA setting.").

In sum, our review of the record supports the PCRA court's conclusions that Appellant's second PCRA petition is facially untimely, and that he has failed to establish an exception to the PCRA's time bar. Therefore, because the PCRA court correctly found that it was without jurisdiction to address

Appellant's substantive claims, we affirm its order denying post-conviction relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2016